UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO. **09-CV-21817-Gold-McAliley**

DAVON L. OUTTEN,

      Plaintiff,

v.

UNITED COLLECTION BUREAU, INC.,


      Defendant.

_____/

```
FILED by   VT   D.C.
ELECTRONIC

June 30, 2009

STEVEN M. LARIMORE
CLERK U.S. DIST. CT.
S.D. OF FLA. · MIAMI
```

## COMPLAINT
### JURY DEMAND

1.    Plaintiff alleges violation of the Fair Debt Collection Practices Act, 15 U.S.C. §1692 *et seq.* ("FDCPA"), the Florida Consumer Collection Practices Act, Fla. Stat. §559.55 *et seq.* ("FCCPA"), and the Telephone Consumer Protection Act, 47 U.S.C §227, *et seq.* ("TCPA").

### JURISDICTION AND VENUE

2.    This Court has jurisdiction under 28 U.S.C. §§1331, 1337 and 15 U.S.C. §1692k. Venue in this District is proper because Plaintiff resides here and Defendant placed telephone calls into this District.

## PARTIES

3.      Plaintiff, DAVON L. OUTTEN, is a natural person, and citizen of the State of Florida, residing in Miami-Dade County, Florida.

4.      Defendant, UNITED COLLECTION BUREAU, INC., is a corporation and citizen of the State of Ohio with its principal place of business at Suite 206, 5620 Southwyck Blvd., Toledo, OH 43614.

5.      Defendant regularly uses the mail and telephone in a business the principal purpose of which is the collection of debts.

6.      Defendant regularly collects or attempts to collect debts for other parties.

7.      Defendant is a "debt collector" as defined in the FDCPA.

8.      Defendant was acting as a debt collector with respect to the collection of Plaintiff's alleged debt.

## FACTUAL ALLEGATIONS

9.      Defendant sought to collect from Plaintiff an alleged debt arising from transactions incurred for personal, family or household purposes.

10.     Defendant left the following messages on Plaintiff's voice mail on his cellular telephone on or about the dates stated:

2

April 5, 2008
This message is intended for Davon Outten. This is Melissa calling from the legal office here at United Bureau in reference to a very time sensitive business matter. We do need to speak with you or your attorney in our office today no later than 12 noon Eastern Standard Time. Failure to be in compliance of this message may result in escalated action. If you choose not to speak with us, you need to appoint an attorney to assist you with this matter. My number is 1-800-761-5394 and my extension is 63773. Your file number is 50293357. Thank you.

April 8, 2008
Hi. This message is for Mr. Davon Outten. This is Cindy _____ (inaudible). I am calling with the pre-legal office of UCB. I am calling in regards to case number 50293357. That number once again is 50293357. This is in regards to a complaint filed against you by my client. Please keep in mind that this will be…that I will be completing my files at the end of the day today. If I don't have a call back from you, I will be advising my client to proceed with further actions against you. You need to get in contact with my office at 1-800-761-5394, my direct extension is 63608. Case number that you need to refer to when calling back is 50293357. Thank you and have a wonderful day. Once again if I do not hear a call in from you.

April 23, 2008
Urgent message for Davon Outten. Mr. Outten, this Kelly Spain. I am calling from United Bureau's legal division. Sir, several attempts have been made to reach you regarding the time sensitivity of this issue. If you want to resolve this matter voluntarily and also keep my client from pursuing legal actions against you, an immediate call back is required from you or your attorneys.

Failure to return the call today, I will be forced to sign off on this matter and refer back to my client for a final judgment affecting your name and social security number following the next ten years. I will be in the office up until 4 PM Eastern Standard time. My call back number is 800-761-5394, extension 62602. Refer to reference number 50293357.

April 26, 27, 28, 29, 30,  2008
761-5394. When returning this call, please refer to reference number 50293357.  Again the reference number is 50293357. Thank you. Goodbye

3

May 1, 2008

Mr. Davon Outten. My name is Dolly Sweeney and I have taken over your case here in the office. It has been referred to my office. My phone number here is 1-800-761-5394. My extension number is 63699. Again my name is Dolly. I am calling you in reference number to case number 50293357 on the Citi Bank. I would like to speak with you about this for a moment if I might. I know you told someone that you are not able to pay, but I do need to speak with you before I release this client to go ahead and take further legal action against this. So please give us a call before 5 PM. I will be here in the office and I will be more than happy to assist you. Thank you very much sir.

May 2, 3, 6, 2008

761-5394. When returning this call, please refer to reference number 50293357.  Again the reference number is 50293357. Thank you. Goodbye.

May 7, 2008

Yes. This is an important and time sensitive message for Mr. Davon Outten. This is pertaining to case file number 50293357. This is regarding a complaint filed against you by my client. Please keep in mind that my files will be complete today. Therefore if I do not receive a return call back immediately I will be forced to forward this negative file to a higher authority in order to have this matter executed immediately and to avoid any possible costly time consuming legal process by my client, then you must contact me in my office no later than 8:30 PM Eastern standard time at the number 1-800-210-0973 at extension 63649. Otherwise please have your attorney that you have retained that will represent you in this matter to contact me as soon as possible. My name is Crystal Morris.

July 16, 2008

Davon Outten. My name is Kim and I am calling from UCB's pre-legal department and I do need for you or your attorney to return my phone call in reference to case number FL-50293357-309. It is very important that I hear from you by 9 PM Eastern Standard time today, July 16 so we can resolve this matter on a voluntary basis. Davon Outten, 210…1-800-210-3534. Thank you.

4

11.     Defendant left similar or identical messages on other occasions. (Collectively, "the telephone messages").

12.     The messages are "communications" as defined by 15 U.S.C. §1692a(2). See *Berg v. Merchs. Ass'n Collection Div.*, Case No. 08-60660-Civ-Dimitrouleas/Rosenbaum, 2008 U.S. Dist. LEXIS 94023 (S.D. Fla. Oct. 31, 2008).

13.     Defendant failed to inform Plaintiff in some of the messages that the communication was from a debt collector, failed to inform the Plaintiff of its name and failed to disclose the purpose of Defendant's messages.

14.     Defendant knew it was required to disclose its name, that it is a debt collector and the purpose of its communication in telephone messages to Plaintiff.

15.     Defendant's July 16, 2008 message create a false sense of urgency.

16.     The U.S. Court of Appeals for the Eleventh Circuit has established the standard by which violations of the FDCPA are analyzed, *i.e.,* whether the communication by the debt collector would mislead the "least sophisticated consumer." *Jeter v. Credit Bureau, Inc.,* 760 F.2d 1168, 1172-78 (11th Cir. 1985).

17.     Defendant's July 16, 2008 message requesting an immediate call from either Plaintiff or his counsel regarding "case number FL-50293357-309" in order to resolve the matter on a "voluntary basis" when combined with the content of the prior messages, is likely to mislead the least sophisticated consumer to believe the July 16, 2008 message was from an attorney when it was not and that litigation is

5

imminent when it was not. See *Rosenau v. Unifund Corp.*, 539 F.3d 218, 224 (3d Cir. 2008).

18.     Defendant used an automatic telephone dialing system or a pre-recorded or artificial voice to place numerous telephone calls to Plaintiff's cellular telephone.

19.     Plaintiff did not expressly consent to Defendant's placement of telephone calls to his cellular telephone by the use of an automatic telephone dialing system or a pre-recorded or artificial voice prior to Defendant's placement of the calls.

20.     None of Defendant's telephone calls placed to Plaintiff were for "emergency purposes" as specified in 47 U.S.C § 227 (b)(1)(A).

21.     Defendant willfully or knowingly violated the TCPA.

## COUNT I
## FAILURE TO DISCLOSE STATUS AS DEBT COLLECTOR

22.     Plaintiff incorporates Paragraphs 1 through 21.

23.     Defendant failed to disclose in the telephone messages that it is a debt collector in violation of 15 U.S.C. §1692e(11). See *Foti v. NCO Fin. Sys.*, 424 F. Supp. 2d 643, 646 (D.N.Y. 2006) and *Belin v. Litton Loan Servicing*, 2006 U.S. Dist. LEXIS 47953 (M. D. Fla. 2006) and Leyse v. Corporate Collection Servs., 2006 U.S. Dist. LEXIS 67719 (D.N.Y. 2006).

6

WHEREFORE, Plaintiff requests that the Court enter judgment in favor of Plaintiff and against Defendant for:

    a.    Damages;

    b.    Attorney's fees, litigation expenses and costs of suit; and

    c.    Such other or further relief as the Court deems proper.

## COUNT II
## FAILURE TO MAKE MEANINGFUL DISCLOSURE OF IDENTITY

24.    Plaintiff incorporates Paragraphs 1 through 21.

25.    Defendant placed telephone calls to Plaintiff without making meaningful disclosure of its identity when it failed to disclose that it is a debt collector and or its name and the purpose of Defendant's communication in the telephone messages in violation of 15 U.S.C §1692d(6). See *Valencia v The Affiliated Group, Inc.*, Case No. 07-61381-Civ-Marra/Johnson, 2008 U. S. Dist. LEXIS 73008, (S.D.Fla., September 23, 2008); *Wright v. Credit Bureau of Georgia, Inc.,* 548 F. Supp. 591, 593 (D. Ga. 1982); and *Hosseinzadeh v. M.R.S. Assocs.,* 387 F. Supp. 2d 1104 (D. Cal. 2005).

WHEREFORE, Plaintiff requests that the Court enter judgment in favor of Plaintiff and against Defendant for:

    a.    Damages;

    b.    Attorney's fees, litigation expenses and costs of suit; and

    c.    Such other or further relief as the Court deems proper.

7

## COUNT III
## FALSE SENSE OF URGENCY

26.    Plaintiff incorporates Paragraphs 1 through 21.

27.    Defendant created a false sense of urgency in violation of 15 U.S.C §1692e.

WHEREFORE, Plaintiff requests that the Court enter judgment in favor of Plaintiff and against Defendant for:

      a.    Damages;

      b.    Attorney's fees, litigation expenses and costs of suit; and

      c.    Such other or further relief as the Court deems proper.

## COUNT IV
## FALSE IMPLICATION OF ATTORNEY INVOLVEMENT

28.    Plaintiff incorporates Paragraphs 1 through 21.

29.    Defendant created a false implication of attorney involvement in the July 16, 2008 message in violation of 15 U.S.C §1692e(3). See *Rosenau v. Unifund Corp.*, 539 F.3d 218, 224 (3d Cir. Pa. 2008).

WHEREFORE, Plaintiff requests that the Court enter judgment in favor of Plaintiff and against Defendant for:

      a.    Damages;

      b.    Attorney's fees, litigation expenses and costs of suit; and

      c.    Such other or further relief as the Court deems proper.

8

**COUNT V**
**FALSE IMPLICATION OF LITIGATION AND OR THE NEED FOR LEGAL COUNSEL**

30.    Plaintiff incorporates Paragraphs 1 through 21.

31.    Defendant's July 16, 2008 message falsely, deceptively and misleadingly implied the existence or imminence of litigation and or that Plaintiff needed legal counsel because of the gravity of the situation in violation of 15 U.S.C §1692e.

WHEREFORE, Plaintiff requests that the Court enter judgment in favor of Plaintiff and against Defendant for:

      a.    Damages;

      b.    Attorney's fees, litigation expenses and costs of suit; and

      c.    Such other or further relief as the Court deems proper.

**COUNT VI**
**TELEPHONIC HARASSMENT AND ABUSE IN VIOLATION OF THE FAIR DEBT COLLECTION PRACTICES ACT**

32.    Plaintiff incorporates Paragraphs 1 through 21.

33.    Defendant caused Plaintiff's telephone to ring repeatedly or continuously with the intent to annoy, abuse or harass in violation of 15 U.S.C §1692d(5). See *Sanchez v. Client Servs.*, 520 F. Supp. 2d 1149, 1160-1161 (N.D. Cal. 2007).

9

WHEREFORE, Plaintiff requests that the Court enter judgment in favor of Plaintiff and against Defendant for:

      a.    Damages;

      b.    Attorney's fees, litigation expenses and costs of suit; and

      c.    Such other or further relief as the Court deems proper.

**COUNT VII**
**TELEPHONIC HARASSMENT AND ABUSE FOR UNAUTHORIZED**
**CALLS TO A CELLULAR TELEPHONE**

34.    Plaintiff incorporates Paragraphs 1 through 21.

35.    Defendant engaged in conduct the natural consequence of which is to harass, oppress, or abuse by using an automatic telephone dialing system or pre-recorded or artificial voice in placing telephone calls to Plaintiff's cellular telephone to which Plaintiff had not consented, in violation of 15 U.S.C §1692d.

WHEREFORE, Plaintiff requests that the Court enter judgment in favor of Plaintiff and against Defendant for:

      a.    Damages;

      b.    Attorney's fees, litigation expenses and costs of suit; and

      c.    Such other or further relief as the Court deems proper.

**COUNT VIII**
**ILLEGAL COLLECTION TECHNIQUES IN VIOLATION OF THE**
**FLORIDA CONSUMER COLLECTION PRACTICES ACT**

36.    Plaintiff incorporates Paragraphs 1 through 21.

10

37.     Defendant asserted the right to collect a debt by leaving telephone messages for Plaintiff without disclosing its name, that it is a debt collector and the purpose of its communications, by creating a false sense of urgency, by creating a false implication of attorney involvement, by creating a false implication that litigation was imminent, and by using an automatic telephone dialing system or pre-recorded or artificial voice in placing calls to Plaintiff's cellular telephone to which Plaintiff had not consented, all done when Defendant knew it did not have a legal right to use such collection techniques in violation of Fla. Stat. §559.72(9).

WHEREFORE, Plaintiff requests that the Court enter judgment in favor of Plaintiff and against Defendant for:

    a.     Damages;

    b.     Attorney's fees, litigation expenses and costs of suit; and

    c.     Such other or further relief as the Court deems proper.

## COUNT IX
## HARASSMENT IN VIOLATION OF THE FLORIDA CONSUMER COLLECTION PRACTICES ACT

38.     Plaintiff incorporates Paragraphs 1 through 21.

39.     By failing to disclose its name, that it is a debt collector and the purpose of its communication, by creating a false sense of urgency, by creating a false implication of attorney involvement, by creating a false implication that litigation was imminent, by using an automatic telephone dialing system or pre-

11

recorded or artificial voice in placing telephone calls to Plaintiff's cellular telephone to which Plaintiff had not consented, and by telephoning Plaintiff with such frequency at can be reasonably be expected to harass, Defendant willfully engaged in conduct the natural consequence of which is to harass in violation of Fla. Stat. §559.72(7).

WHEREFORE, Plaintiff requests that the Court enter judgment in favor of Plaintiff and against Defendant for:

      a.    Damages;

      b.    Attorney's fees, litigation expenses and costs of suit; and

      c.    Such other or further relief as the Court deems proper.

## COUNT X
## VIOLATION OF THE TELEPHONE CONSUMER PROTECTION ACT

40.    Plaintiff incorporates Paragraphs 1 through 21.

41.    Defendant placed non-emergency telephone calls to Plaintiff's cellular telephone using an automatic telephone dialing system or pre-recorded or artificial voice without Plaintiff's prior express consent in violation of 47 U.S.C § 227 (b)(1)(A)(iii).

WHEREFORE, Plaintiff requests that the Court enter judgment in favor of Plaintiff and against Defendant for:

      a.    Damages; and

      b.    Such other or further relief as the Court deems proper.

## COUNT XI
## DECLARATORY AND INJUNCTIVE RELIEF

42.    Plaintiff incorporates Paragraphs 1 through 21.

43.    Pursuant to 28 U.S.C §§2201 and 2202, Plaintiff seeks a declaration that Defendant's practices are in violation of the TCPA and the FCCPA.

44.    The FCCPA provides for equitable relief including injunctive relief. *Berg v. Merchs. Ass'n Collection Div.*, 586 F. Supp. 2d 1336, 1345, (S.D. Fla. 2008).

45.    Plaintiff seeks a permanent injunction prohibiting Defendant from continuing violation of the FCCPA.

46.    Pursuant to 47 U.S.C § 227 (c)(5)(A), Plaintiff seeks a permanent injunction prohibiting Defendant from continuing violation of the TCPA.

WHEREFORE, Plaintiff requests that the Court enter judgment:

    a.    declaring that Defendant's practices violate the TCPA and the FCCPA;

    b.    permanently injoining Defendant from engaging in the violative practices; and

    c.    Such other or further relief as the Court deems proper.

## JURY DEMAND

Plaintiff demands trial by jury.

Dated this _29_ day of June, 2009.

13

DONALD A. YARBROUGH, ESQ.
Attorney for Plaintiff
Post Office Box 11842
Ft. Lauderdale, FL 33339
Telephone: 954-537-2000
Facsimile: 954-566-2235
donyarbrough@mindspring.com

By:_____
Donald A. Yarbrough, Esq.
Florida Bar No. 0158658

14

# CIVIL COVER SHEET

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleading or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

**I(a) PLAINTIFFS**

Davon L. Outten

**DEFENDANTS**

United Collection Bureau, Inc.

**(b)** COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF
(EXCEPT IN U.S. PLAINTIFF CASES) **MIAMI -DADE**

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT _____
(IN U.S. PLAINTIFF CASES ONLY)
NOTE:       IN LAND CONDEMNATION CASES, USE THE LOCATION
            OF THE TRACT OF LAND INVOLVED

**(c)** ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)

DONALD A. YARBROUGH, ESQ. POST OFFICE BOX 11842
FORT LAUDERDALE, FL 33339, TELEPHONE (954) 537-2000

ATTORNEYS (IF KNOWN)

*1:09 CV 21817-Gold-Mcaliley*

**(d)** CIRCLE COUNTY WHERE ACTION AROSE:
DADE, MONROE, BROWARD, PALM BEACH, MARTIN, ST. LUCIE, INDIAN RIVER, OKEECHOBEE, HIGHLANDS

| II. BASIS OF JURISDICTION (PLACE AN X IN ONE BOX ONLY) | III. CITIZENSHIP OF PRINCIPAL PARTIES (For Diversity Case Only) | | | | | | |
|---|---|---|---|---|---|---|---|
| | | | PTF | DEF | | (PLACE AN X IN ONE BOX FOR PLAINTIFF AND ONE BOX FOR DEFENDANT | PTF DEF |
| ☐ 1. U.S. Government Plaintiff   ☒ 3. Federal Question (U.S. Government Not a Party) | Citizen of This State | ☐ 1 | ☐ 1 | Incorporation and Principal Place of Business in This State | ☐ 1 | ☐ 1 |
| ☐ 2. U.S. Government Defendant   ☐ 4. Diversity (Indicate Citizenship of Parties in Item III) | Citizen of Another State | ☐ 2 | ☐ 2 | Incorporation and Principal Place of Business in Another State | 2 | 2 |
| | Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ | ☐ |

**IV. CAUSE OF ACTION** (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE A BRIEF STATEMENT OF CAUSE. DO NOT CITE JURISDICTIONAL STATUTES UNLESS DIVERSITY.)

**IVa.** _1-2_ days estimated (for both sides) to try entire case  15 U.S.C. §1692 et. Seq. Violations of Fair Debt Collection Practices Act

**NATURE OF SUIT** (PLACE AN X IN ONE BOX ONLY)

| A CONTRACT | A TORTS | B FORFEITURE PENALTY | A BANKRUPTCY | A OTHER STATUS |
|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 States Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane       ☐ 362 Pers. Injury-Med Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability  ☐ 365 Personal Injury-Prod. Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 | **A PROPERTY RIGHTS** | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander  ☐ 368 Asbestos Personnel Injury Product Liability | | ☐ 820 Copyrights | ☐ 450 Commerce/ICC Rates/etc B |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | **PERSONAL PROPERTY** | ☐ 830 Patent | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 340 Marine | ☐ 370 Other Fraud | ☐ 840 Trademark | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (excl Veterans) B | ☐ 345 Marine Product Liability  ☐ 371 Truth in Lending B | ☐ 640 R.R. & Truck | **B SOCIAL SECURITY** | ☐ 810 Selective Service |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits B | ☐ 350 Motor Vehicle  ☐ 380 Other Personal Property Damage | ☐ 650 Airline Regs | ☐ 861 HIA (1395ff) | ☐ 850 Securities /Commodities /Exchange |
| ☐ 160 Stockholder's Suits | ☐ 355 Motor Vehicle Product Liability  ☐ 385 Property Damage Product Liability | ☐ 660 Occupational Safety/Health | ☐ 862 Black Lung (923) | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 690 Other | ☐ 863 DIWC/DIWW (405(g)) | ☐ 891 Agricultural Acts |
| ☐ 195 Contract Product Liability | | **A LABOR** | ☐ 864 SSID Title XVI | ☐ 892 Economic Stabilization Act |
| **A REAL PROPERTY** | **A CIVIL RIGHTS**  **B PRISONER PETITIONS** | ☐ 710 Fair Labor Standards Act | ☐ 865 RSI (405(g)) | ☐ 893 Environmental Matters |
| ☐ 210 Land Condemnation | ☐ 441 Voting  ☐ 510 Motions to Vacate Sentence Habeas Corpus | ☐ 720 Labor Management Relations B | **A FEDERAL TAX SUITS** | ☐ 894 Energy Allocation Act |
| ☐ 220 Foreclosure B | ☐ 442 Employment  ☐ 530 General* | ☐ 730 Labor Management Reporting & Disclosure Act | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 895 Freedom of Information Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/Accommodations  ☐ 535 Death Penalty | ☐ 740 Railway Labor Act | ☐ 871 IRS-Third Party 26b USC 7609 | ☐ 900 Appeal of Fee Determination under Equal Access to Justice |
| ☐ 241 Torts to Land | ☐ 444 Welfare  ☐ 540 Mandamus & Other* | ☐ 790 Other Labor Litigation | | ☐ 950 Constitutionality of State Statutes |
| ☐ 245 Tort Product Liability | ☐ 440 Other Civil Rights  ☐ 550 Civil Rights *A or B | ☐ 791 Employee Ret. Inc. Security Act B | | ☐ 890 Other Statutory Actions* *A or B |
| ☐ 290 All Other Real Property | | | | |

| VI. ORIGIN | (PLACE AN X IN ONE BOX ONLY) | | | | |
|---|---|---|---|---|---|
| ☒ 1. Original Proceeding | ☐ 2 Removed from State Court | ☐ 3. Remanded from Appellate Court | ☐ 4 Refiled  ☐ 5. Transferred from another district (specify) | ☐ 6 Multidistrict Litigation | ☐ 7. Appeal to District Judge from Magistrate Judgment |

| VII. REQUESTED IN COMPLAINT | CHECK IF THIS IS A ☐ UNDER F.R.C.P. 23 | CLASS ACTION No | DEMAND $ N/A | ☐ Check YES only if demanded in complaint     JURY DEMAND: | ☒ YES ☐ NO |
|---|---|---|---|---|---|

**VIII. RELATED CASES IF ANY** (See Instructions):   JUDGE   DOCKET NUMBER

DATE: June ~~~ 2009   SIGNATURE OF ATTORNEY OF RECORD

UNITED STATES DISTRICT COURT   FOR OFFICE USE ONLY: Receipt No. *540699*   Amount *350.00*
                                                      Date Paid:        M/ifp:

S/F 1-2
REV. 9/94