UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO: 09-21817-CIV GOLD/McAliley

DAVON L. OUTTEN

  Plaintiff,

v.

UNITED COLLECTION BUREAU, INC.

  Defendant.
_____/

## ORDER GRANTING DEFENDANT'S MOTION TO DISMISS [DE 10]; CLOSING CASE

  THIS CAUSE is before the Court upon Defendant, United Collection Bureau, Inc.'s Motion to Dismiss pursuant to Fed. R. Civ. Pro.12(b)(1), entered on January 25, 2010. **[DE 10]**. Defendant filed its motion in response to Plaintiff, Davon L. Outten's complaint alleging that it violated the Fair Debt Collection Practices Act, 15 U.S.C. § 1692a, *et seq.* (the "FDCPA"), the Telephone Consumer Protection Act, 47 U.S.C. § 227, *et seq.* (the "TCPA"), and the Florida Consumer Collection Practices Act, Fla. Stats. § 559.55, *et seq.* (the "FCCPA") in attempting to collect an unpaid bill from Plaintiff. **[DE 1]**. In its motion, Defendant argues that it has offered to fully satisfy Plaintiff's FDCPA claims thereby rendering those claims moot and removing jurisdiction from this court. [DE 10]. Plaintiff has not opposed Defendant's motion to dismiss. Having reviewed the record, the parties' submissions, and the applicable law, I grant Defendant's motion to dismiss for the reasons I state below.

  Because Plaintiff has failed to respond to the Defendant's motion to dismiss, his failure to file an opposing memorandum "may be deemed sufficient cause for granting the motion by default." *See* S.D. Fla.L.R. 7.1(c). Even if this were not true, I conclude that

Defendant's motion to dismiss on jurisdiction is meritorious. Notably, the maximum statutory damages that an individual can recover under the FDCPA are $1,000. *See* 15 U.S.C. § 1692k(a)(2)(A). In the instant case, Defendant offered to settle Plainitiff's FDCPA claims for $1,001 in addition to attorney's fees. **[DE 10, Ex. 2]**. Because Defendant offered to settle Plaintiff's FDCPA claims in their entirety, Plaintiff lacks a personal stake in the suit thereby rendering the FDCPA claims moot. *See Deposit Guaranty National Bank v. Roper,* 445 U.S. 326, 343-44 (1980) (Mootness may result from a number of causes, including expiration of the plaintiff's claim, satisfaction of the claim by the defendant, cessation of the unlawful conduct without likelihood of repetition, or by interim remedy of the court itself which renders the dispute unlikely to recur in the future); *see also County of Los Angeles v. Davis,* 440 U.S. 625, 634 (1979). Moreover, Plaintiff need not accept Defendant's offer to render the claims moot. Generally, when an offer of judgment constitutes full relief for the named plaintiff's substantive claims, the plaintiff ceases to have a personal stake in the case and the court lacks jurisdiction. *See Abrams v. Interco Inc.,* 719 F.2d 23, 32 (2d Cir.1983); *Sampaio v. People First Recoveries, LLC,* No. 07-CV-22436-UU, 2008 WL 509255, *1 (S.D. Fla. Feb. 19, 2008) ("[g]enerally, an offer of judgment providing the plaintiff with the maximum allowable relief would moot the plaintiff's [FDCPA] claim if he were suing in his individual capacity."). In other words, an offer of complete relief[1] will

---

[1] Federal Rule of Civil Procedure 68 provides that more than ten days before a trial begins, the defending party may serve an offer to allow a judgment on specified terms. Though there is no Eleventh Circuit precedent on point, courts have held that Rule 68 offers can be used to show that the court lacks subject-matter jurisdiction. *See e.g., O'Brien v. Ed Donnelly Enterprises, Inc.,* 575 F.3d 567, 581 (6th Cir. Aug.5, 2009) (under rule 68, "we agree . . . that an offer of judgment that satisfies a plaintiff's entire demand moots the case and reject the plaintiffs' contention that the offer of judgment could not be considered."); *see also Greisz v. Household Bank (Ill.), N.A.,* 176 F.3d 1012, 1015 (7th Cir.1999) (offer of judgment that encompasses the relief claimed "eliminates a legal dispute upon which federal jurisdiction can be based," because "[y]ou cannot persist in suing after [you have] won").

generally moot the plaintiff's claim, as at that point the plaintiff retains no personal interest in the outcome of the litigation. *Rand v. Monsanto Co.*, 926 F.2d 596, 598 (7th Cir.1991) ("Once the defendant offers to satisfy the plaintiff's entire demand, there is no dispute over which to litigate and a plaintiff who refuses to acknowledge this loses outright, under Fed.R.Civ.P. 12(b)(1), because he has no remaining stake."). Accordingly, Plaintiff's claims under the FDCPA are dismissed as moot.

With respect to Plaintiff's remaining claims, the Eleventh Circuit has held that "federal courts lack subject matter jurisdiction over *private* actions under [the TCPA]." *Nicholson v. Hooters of Augusta*, 136 F.3d 1287, 1289 (11th Cir. 1998). Moreover, having concluded that Plaintiff's claims under the FDCPA are dismissed as moot, and the Court lacks subject matter jurisdiction over Plaintiff's TCPA claims, and because Plaintiff's remaining claims under the FCCPA fall under Florida state law, this Court lacks subject matter jurisdiction to hear such claims. For these reasons, it is hereby

ORDERED AND ADJUDGED:

1. Defendant's Motion to Dismiss **[DE 10]** is GRANTED.

2. Plaintiff's FDCPA Claims are DISMISSED as MOOT.

3. Plaintiff's TCPA Claims are DISMISSED WITH PREJUDICE.

4. Plaintiff's FCCPA Claims are DISMISSED WITHOUT PREJUDICE to refile those claims in the proper state forum.

4. This Case is CLOSED.

DONE AND ORDERED in Chambers at Miami, Florida this __5__ day of March, 2010.

_____
THE HONORABLE ALAN S. GOLD
U.S. DISTRICT COURT JUDGE

cc: Magistrate Judge McAliley
    Counsel of record
    Parties of record